UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| CARL HOWARD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 08-445-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Carl Howard (Howard) and Defendant Michael J. Astrue, Commissioner of Social Security (the Commissioner). [Record Nos. 15 and 16] Howard argues that the administrative law judge (ALJ) erred in finding that he is not entitled to a period of disability, Social Security Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Howard.

**I.**

Howard protectively filed for a period of disability, SSI, and DIB on December 29, 2005. [Tr., p. 95-102] He alleges that his disability began on December 1, 2003. [Tr., p. 95, 98] However, the ALJ states that Howard alleges a disability date of July 1, 2002, [Tr., p. 8], which

is the date listed on the Disability Report. [Tr., p. 123] Howard's claim was denied initially and upon reconsideration. [Tr., pp. 67-70, 77-83] On June 30, 2008, Howard, along with his attorney and Vocational Expert (VE) Jackie Rogers appeared via video before ALJ Don Paris for an administrative hearing. [Tr., p. 29-63] On July 25, 2008, the ALJ issued an opinion denying Howard's applications. [Tr., p. 8-17] The Appeals Council denied Howard's request for review on August 28, 2008. [Tr., p.1-3] Having exhausted his administrative remedies, Howard commenced this proceeding.

Howard was forty-eight years old at the time of the administrative hearing. [Tr., p. 33] He has a high school education and work experience delivering furniture, as a construction laborer, and as a security guard. [Tr., pp. 37, 124, 129] Howard's alleged disability stems from an accident involving a train and a rail sweeper that he was operating. [Tr., p. 39-40] Howard claims to suffer from severe and chronic pain in his back, left ankle, both knees, both hands, and fingers. [Record No. 15, p. 3]

After reviewing the record and the testimony presented during the administrative hearing, the ALJ concluded that Howard has the following severe impairments: an affective disorder, pain disorder, hand pain with limited ranges of motion, bilateral knee pain, and chronic back pain. [Tr., p. 10] Notwithstanding these impairments, the ALJ found that Howard retained the residual functional capacity (RFC) to perform light work. [Tr., p. 14] The ALJ further concluded that the claimant

> may lift/carry 20 pounds, frequently life/carry ten pounds. He has limited ability to push or pull with the upper extremities. The claimant cannot climb ropes, ladders, or scaffolds, but may occasionally climb ramps and stairs. He may only occasionally kneel, stoop, crouch or squat and never crawl. He may only

> occasionally handle or finger with the hands. . . He must avoid concentrated exposure to use of whole body vibratory hand tools and hazards such as unprotected heights. He also suffers with mental impairments; however, he has the capacity to perform simple, repetitive work tasks in a simple, routine work environment.

[Tr., p. 14] As a result of this assessment, the ALJ determined that Howard had not been under a disability as defined in the Social Security Act from July 1, 2007, through July 25, 2008 (the date of the ALJ's decision). [Tr., p. 8]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006); *see* 20 C.F.R. 416.920. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R.

§ 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can do past work. If he can, he is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also

supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Howard alleges that the ALJ's decision denying benefits is not supported by substantial evidence. More specifically, he alleges that the ALJ improperly failed to give proper weight to the opinion of a treating physician and improperly failed to consider Howard's global assessment functioning (GAF) score.

#### A. Treating Physician

Howard argues that the ALJ failed to give proper weight to the opinion of Dr. Damodaran, his treating physician. [Record No. 15, p. 15] Generally, more weight is given to treating sources' opinions, because a treating source is likely to be most able to provide "a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2010). A treating physician's opinion "as to the nature and severity of a claimant's conditions" will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Rogers*

*v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (internal quotation omitted) (alteration in original).

However, even if the treating source's opinion is not entitled to controlling weight, it does not necessarily mean that the opinion should be completely rejected. *See Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 372 (6th Cir. Mar. 1, 2006) (unpublished) (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4 (1996)). Rather, the ALJ must determine what weight to give the opinion by considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with regard to the record as a whole; (5) whether the treating source is a specialist in the area of his or her opinion; and (6) any other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2)–(6), 416.927(d)(2)–(6) (2010).

As an initial matter, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must give "good reasons" for his decision. *Rogers*, 486 F.3d at 242. This is a "clear elaboration requirement imposed explicitly by the regulations." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400 (6th Cir. 2008). As the Social Security Ruling 96-2p explains:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Soc. Sec. Rul. 96-2p, 1996 WL 374188 at *5; *See also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The dual purpose for this requirement is to help claimants understand the disposition of their case and "ensure that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson*, 378 F.3d at 544-45 (citations omitted). Failure to abide by this requirement can result in the matter being remanded. *Id*. at 545 (citing *e.g., Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000), *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999), *see also Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.").

> Here, the ALJ states that he rejected the disabling RFC of Dr. Damadaran because it is:
>
> based on subjective complaints of the claimant and not objective medical evidence of record, findings, or evaluations. E.g. claimant has full ranges of motion upon examination and this is inconsistent with the residual functional capacity. The residual functional capacity may be merely an accommodation to the claimant as the physician notes claimant has applied for his Social Security benefits.

[Tr., p. 15; *see also* Tr., p. 359-362] The ALJ further states, "[b]ut for the discounted residual functional capacity of Dr. Damodaran (Ex. 22), no physician, either treating, reviewing, or consulting, has found him disabled. This fact is entitled to great weight . . ." [Tr., p. 16] While it is undisputed that Dr. Damodaran is Howard's treating physician, ALJ Paris states in detail his reasoning for rejecting Dr. Damodaran's opinions. Additionally, the Commissioner provides numerous examples showing that Dr. Damodaran's opinion is not supported by objective

medical findings, is contradicted by other physicians, and is not supported by his own treatment notes. [Record No. 16, p. 5-8]

As the Commissioner points out, Dr. Damodaran opined that Howard could never engage in postural activities such as climbing, balancing, and crouching but provided no medical or clinical support for this conclusion. [Tr., p. 360] In addition, Dr. Damodaran only points to Howard's deformed finger and his range of motion testing as evidence that Howard is limited in his lifting, carrying, pushing, pulling, sitting, standing, walking, reaching, and handling. [Tr., p. 360, 362] However, Dr. Damodaran had previously found Howard's back flexion was "full" only two months prior. [Tr., p. 281] Moreover, Dr. Phelps and Dr. Dawson provide opinions that conflict with Dr. Damodaran. In summary, ALJ Paris' conclusion regarding the weight to be given Dr. Damodaran's opinion is supported by substantial evidence, and he gave "good reasons" for this conclusion in his decision.

**B.     G.A.F. Score**

The ALJ acknowledges that Dr. Bennett performed a consultative evaluation on Howard and diagnosed chronic pain disorder with a GAF of 50. [Tr., p. 11] However, he does not indicate the amount of weight he gave to the GAF score. Howard asserts that Dr. Bennett's uncontested finding that Howard's global assessment functioning ("GAF") score is 50 mandates a finding that he is disabled. [Record No. 15, p. 15].[1] Howard further maintains that a GAF score of 50 serves as *prima facie* evidence that Howard is entitled to benefits. [Record No. 18, p. 3]

---

[1]     A score of 50 on the GAF scale indicates that a claimant would have serious mental impairments in occupational functioning which would preclude maintaining a job. [Record No. 15, Ex. 1]

-8-

The Commissioner contends that it has rejected the GAF score for use in the disability program. In an unpublished opinion, the Sixth Circuit explains that the GAF score is a subjective determination that represents the clinician's judgment of the individual's overall level of functioning. *DeBoard v. Commissioner of Social Sec.*, 211 F.App'x 411, 415 (6th Cir. Dec. 15, 2006) (unpublished) (citations omitted). A failure to reference a GAF score is not, standing alone, sufficient ground to reverse a disability determination. *Id.* (*citing Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) (While a GAF score may be of "considerable help," it is not "essential" to determining an individual's residual functional capacity.); *see also Kornecky v. Comm'r of Soc. Sec.*, No. 04-2171, 2006 WL 305648, at *13-*14 (6th Cir. Feb.9, 2006) (According to the Diagnostic and Statistical Manual's explanation of the GAF scale, a score may have little or no bearing on the subject's social and occupational functioning. We are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock in a GAF score in the first place.). Since no special deference is due to a GAF scores, the ALJ was not required to consider it as evidence.

### IV.

The ALJ's conclusion regarding the weight to be given Dr. Damodaran's opinion is supported by substantial evidence. In addition, the ALJ properly considered Howard's GAF score. Accordingly, it is hereby **ORDERED** as follows:

(1) Plaintiff Carl Howard's Motion for Summary Judgment [Record No. 15] is **DENIED**;

(2)     Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 16] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 1st day of March, 2010.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge